otherwise. In our opinion, the allegations in the complaint of conversion are surplusage and may be disregarded. Eliminating those allegations, the complaint states causes of action on contract. Defendants admit an unliquidated indebtedness to the plaintiff. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

MICHAEL O'CONNOR, Respondent, v. CHARLES W. HULL, Appellant.— Judgment unanimously affirmed, with costs. No opinion. The appeal " from an order entered upon the clerk's minutes " is dismissed upon the ground that an appeal from such an entry does not lie. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

JESSIE B. O'NEIL, Respondent, v. JOHN FARR, JR., and Others, Copartners Doing Business under the Firm Name and Style of FARR & Co., Appellants.— On the court's own motion the decision of this court handed down on November 13, 1933 [ante, p. 901], is hereby amended to read as follows: Order in so far as appealed from affirmed, with fifty dollars costs and disbursements, with leave to the defendants to serve an answer within ten days from the entry of an order herein. No opinion. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

PARK TISSUE MILLS, INC., Appellant, v. AMERICAN CHICLE COMPANY, Respondent, and THE CITY OF NEW YORK, Defendant.— Judgment reversed on the law and a new trial granted, with costs to abide the event. We are of opinion that it was error to dismiss the complaint on the opening, without hearing proof; and that this case does not as a matter of law fall within the rule laid down in *Kirshenbaum* v. *General Outdoor Adv. Co.* (258 N. Y. 489). In that case it appears that there was no covenant to repair; in this case there was such a covenant in the lease, and it must have had some purpose or meaning in respect to the liability of the landlord. It may be necessary for the plaintiff to amend and assert some theory of liability other than negligence. Before it is foreclosed as to its right to recover, opportunity to amend should be afforded, together with the right to present evidence on the subject of the relation of the parties and the circumstances surrounding the execution of the lease, so that the conflicting provisions therein may be better understood in the light of an apparent breach of the covenant to repair. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

PHŒNIX INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant, v. WILLIAM M. SIMONSON and JOHN W. SIMONSON, Respondents.— Order denying plaintiff's motion for summary judgment reversed on the law and the facts, with ten dollars costs and disbursements, motion granted, with ten dollars costs, and the matter referred back to the Special Term for an assessment of the amount due the plaintiff, pursuant to subdivisions 4 and 8 of rule 113 of the Rules of Civil Practice, at which time the defendants may prove any deductions from the plaintiff's claim to which they may be entitled, by reason of canceled policies or otherwise. In our opinion, the allegations in the complaint of conversion are surplusage and may be disregarded. Eliminating those allegations, the complaint states a cause of action on contract. Defendants admit an unliquidated indebtedness to the plaintiff. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.